IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jacqueline C. Gaillard, ) | C/A No. 4:11-1220-TMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to pursuant to 42 U.S.C. § 406(b).  (ECF No. 40).  Plaintiff seeks attorney's fees in the in the amount of $27,377.75.[1]  The Commissioner does not object to this request for attorney's fees.

Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 326 (4th Cir.1989), abrogated on other grounds by

---

[1] Plaintiff's counsel has been awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,500.00, and has reduced the requested amount of attorneys' fees in this motion by this amount.  "Fee awards may be made under both [EAJA and § 406(b) ], but the claimant's attorney must refund to the claimant the amount of the smaller fee [,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted).  The Commissioner stated it has no objection to this arrangement.  (ECF No. 42 at 1).  Plaintiff has also reduced the amount requested by $6,000.00, the amount she received for work provided at the administrative level under 42 U.S.C. § 406(a).

*Gisbrecht*, 535 U.S. 789.

Based upon a review of the petition and these factors, the court finds that an award of $27,377.75 is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("[ Section] 406(b) calls for court review of [contingency fee] agreements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement, the Plaintiff agreed to pay counsel 25 percent of any past-due benefits. In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed 25 percent of any past-due benefits.

Plaintiff was awarded past-due benefits in the amount of $155,511.00, and 25% of that amount equals $38,877.75. Reducing this amount by the prior $5,500.00 EAJA fee received, and the $6,000 previously paid for work performed at the administrative level, Plaintiff seeks $27,377.75 in this motion. *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Counsel expended 37.25 hours working on this matter at the court level. While the hourly rate requested of $1043.70 is a generous hourly rate, Plaintiff's counsel took a risk and the court recognizes and respects the contingent nature of the fee. *See Duvall v. Colvin*, No. 5:11-cv-577, 2013 WL 5506081 (D.S.C. Sept.30, 2013) (*citing Claypool v. Barnhart*, 294 F.Supp.2d 829, 833 (S.D.W.Va. 2003))(holding that other district courts have approved contingency fees in the same hourly rate range in successful Social Security disability appeals). The court finds the requested attorney's fee is reasonable especially in light of the success counsel achieved. Moreover, in light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D.Va. 2003). Finally, the court notes that while the Commissioner notes that the fee is high, the Commissioner has not stated any objections to the amount of fees.

Based on the foregoing, it is therefore ordered that Plaintiff's Motion for attorney's fees is granted (ECF No. 40) and Plaintiff is awarded $27,377.75 in attorney's fees as requested.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

November 20, 2015
Greenville, South Carolina